FILED
2026 Jan-20 PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# ALABAMA SJIS CASE DETAIL

alacourt.com

**PREPARED FOR: LINDA MANN**
**1/20/2026 1:50:04 PM**

County: **41**     Case Number: **CV-2025-900163.00**     Court Action:

Style: **TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY**

**Real Time**

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **41-LAUDERDALE** | Case Number: | **CV-2025-900163.00** | Judge: | **WIP:WILL POWELL** |

| | |
|---|---|
| Style: | **TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY** |
| Filed: | **05/28/2025** | Case Status: | **ACTIVE** | Case Type: | **CONTRACT/EJMNT/SEIZU** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **07/02/2025** | Updated By: | **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - KEASLER TONYA

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **KEASLER TONYA** | Type: | **I-INDIVIDUAL** |
| Index: | **D STATE FARM F** | Alt Name: | | Hardship: | **No** | JID: | **WIP** |
| Address 1: | **179 ELK RIVER SHORES DR** | | | Phone: | **(256) 000-0000** |

| Address 2: | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | **ROGERSVILLE** | State: | **AL** | Zip: | **35652-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | Issued Type: | | Reissue: | Reissue Type: | |
| Return: | Return Type: | | Return: | Return Type: | |
| Served: | Service Type | | Service On: | Served By: / Notice of No Answer: | |
| Answer: | Answer Type: | | Notice of No Service: | | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | HOD018 | | HODGES JEREMIAH MICHAEL | **JMHODGES@ NOTANACCIDENT.COM** | (256) 539-3110 |
| Attorney 2 | JOH159 | | JOHNSTONE FRANCIS INGE | **IJOHNSTONE@ INGEJOHNSTONE.COM** | (205) 771-4009 |

## Party 2 - Defendant BUSINESS - STATE FARM FIRE & CASUALTY COMPANY

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **STATE FARM FIRE & CASUALTY COMPANY** | | | Type: | **B-BUSINESS** |
| Index: | **C KEASLER TONY** | Alt Name: | | Hardship: | **No** | JID: | **WIP** |
| Address 1: | **641 SOUTH LAWRENCE STREET** | | | Phone: | **(256) 000-0000** | | |
| Address 2: | | | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **05/28/2025** | Issued Type: | **F-CERTIFIED MAIL BY FIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **06/02/2025** | Service Type | **C-CERTIFIED MAIL** | Service On: | Served By: / Notice of No Answer: |
| Answer: | **07/02/2025** | Answer Type: | **D-COMPLAINT DENIED** | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | TAY081 | | POWELL KATHERINE TAYLOR | **KATIE.POWELL@ BUTLERSNOW.COM** | (205) 297-2200 |
| Attorney 2 | RAW011 | | RAWLS SARAH ELIZABETH | **SARAH.RAWLS@ BUTLERSNOW.COM** | (205) 297-2200 |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | CONV - CONV FEE | C001 | | $17.92 | $17.92 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $303.00 | $303.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD - JURY DEMAND | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV - CONV FEE | D001 | | $1.00 | $1.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SUBP - SUBPOENA | D001 | | $12.00 | $12.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $478.92 | $478.92 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/28/2025 | CREDIT | CONV - CONV FEE | 2025121 | 11430200 | $17.92 | C001 | 000 | Cash | N | | | AMH |
| 05/28/2025 | RECEIPT | CV05 - CV OVER $50K | 2025121 | 11430300 | $303.00 | C001 | 000 | Credit Card | N | | | AMH |
| 05/28/2025 | RECEIPT | JDMD - JURY DEMAND | 2025121 | 11430400 | $100.00 | C001 | 000 | Credit Card | N | | | AMH |
| 05/28/2025 | RECEIPT | VADM - VADM FEE | 2025121 | 11430500 | $45.00 | C001 | 000 | Credit Card | N | | | AMH |
| 09/12/2025 | CREDIT | CONV - CONV FEE | 2025179 | 11603400 | $1.00 | D001 | 000 | Cash | N | | | AMH |
| 09/12/2025 | RECEIPT | SUBP - SUBPOENA | 2025179 | 11603500 | $12.00 | D001 | 000 | Credit Card | N | | | AMH |

## SJIS Witness List

| Witness # | Name | Requesting Party | Attorney | Subpoena Date Issued | Subpoena Issued Type | Subpoena Date Served | Subpoena Service Type |
|---|---|---|---|---|---|---|---|
| W001 | WINTER HOMES, LLC | D001 | TAY081 | 09/11/2025 | CERTIFIED MAIL BY FILER | | |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 5/28/2025 | 9:56 AM | ECOMP | COMPLAINT E-FILED. | HOD018 |
| 5/28/2025 | 9:56 AM | FILE | FILED THIS DATE: 05/28/2025          (AV01) | AJA |
| 5/28/2025 | 9:56 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 5/28/2025 | 9:56 AM | ASSJ | ASSIGNED TO JUDGE: WILL POWELL          (AV01) | AJA |
| 5/28/2025 | 9:56 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 5/28/2025 | 9:56 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 5/28/2025 | 9:56 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 5/28/2025 | 9:57 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 5/28/2025 | 9:57 AM | C001 | C001 PARTY ADDED: KEASLER TONYA          (AV02) | AJA |
| 5/28/2025 | 9:57 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/28/2025 | 9:57 AM | C001 | LISTED AS ATTORNEY FOR C001: HODGES JEREMIAH MICH | AJA |
| 5/28/2025 | 9:57 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/28/2025 | 9:57 AM | D001 | D001 PARTY ADDED: STATE FARM FIRE & CASUALTY COMPA | AJA |
| 5/28/2025 | 9:57 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/28/2025 | 9:57 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 5/28/2025 | 9:57 AM | D001 | CERT MAIL-FIL ISSUED: 05/28/2025 TO D001    (AV02) | AJA |
| 5/28/2025 | 9:57 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |

| Date | Time | Code | Description | Ref |
|---|---|---|---|---|
| 6/9/2025 | 11:16 AM | EMISC | RETURN ON SERVICE - SERVED E-FILED | BUR217 |
| 6/9/2025 | 11:40 AM | D001 | SERVICE OF CERTIFIED MAI ON 06/02/2025 FOR D001 | AMH |
| 7/2/2025 | 4:10 PM | D001 | LISTED AS ATTORNEY FOR D001: POWELL KATHERINE TAY | AJA |
| 7/2/2025 | 4:10 PM | D001 | LISTED AS ATTORNEY FOR D001: RAWLS SARAH ELIZABET | AJA |
| 7/2/2025 | 4:10 PM | D001 | ANSWER OF COMP DENIED ON 07/02/2025 FOR D001(AV02) | AJA |
| 7/2/2025 | 4:11 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | TAY081 |
| 8/27/2025 | 9:42 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | TAY081 |
| 9/3/2025 | 1:01 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | TAY081 |
| 9/11/2025 | 8:03 PM | ESUBP | SUBPOENA FOR WINTER HOMES, LLC E-FILED BY D001 - STATE FARM FIRE & CASUALTY COMPANY | TAY081 |
| 9/11/2025 | 8:05 PM | W001 | ADDED: WINTER HOMES, LLC          (AW21) | AJA |
| 9/11/2025 | 8:05 PM | W001 | ISSUED: 09112025 - CERT MAIL-FILR; WINTER HOMES, L | AJA |
| 9/12/2025 | 10:17 AM | ENOTA | NOTICE OF APPEARANCE E-FILED | JOH159 |
| 9/12/2025 | 10:24 AM | C001 | LISTED AS ATTORNEY FOR C001: JOHNSTONE FRANCIS IN | AJA |
| 10/6/2025 | 1:54 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | RAW011 |
| 12/22/2025 | 3:06 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | HOD018 |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 5/28/2025 9:56:46 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 5/28/2025 9:56:47 AM | 2 | COMPLAINT | | 5 |
| 5/28/2025 9:57:41 AM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 5/28/2025 9:57:42 AM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 6/9/2025 11:16:16 AM | 5 | RETURN ON SERVICE - SERVED | ROS State Farm | 1 |
| 6/9/2025 11:16:21 AM | 6 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 7/2/2025 4:11:11 PM | 7 | ANSWER | State Farm Fire and Casualty Company's Answer and Affirmative Defenses | 16 |
| 7/2/2025 4:11:18 PM | 8 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 8/27/2025 9:42:12 AM | 9 | NOTICE OF DISCOVERY | State Farm's Notice of Intent Subpoena to Winter Homes, LLC | 5 |
| 8/27/2025 9:42:26 AM | 10 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 9/3/2025 1:01:11 PM | 11 | NOTICE OF DISCOVERY | State Farm's Notice of Service of Discovery Requests to Plaintiff | 2 |
| 9/3/2025 1:01:16 PM | 12 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 9/11/2025 8:04:11 PM | 13 | SUBPOENA | Subpoena for WINTER HOMES, LLC | 2 |
| 9/11/2025 8:04:12 PM | 14 | SUPPORTING DOCUMENT | Schedule A | 3 |
| 9/11/2025 8:06:39 PM | 15 | SUBPOENA - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 9/12/2025 10:17:29 AM | 16 | NOTICE OF APPEARANCE | Notice of Appearance by F. Inge Johnstone for the Plaintiff | 2 |
| 9/12/2025 10:17:46 AM | 17 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 10/6/2025 1:54:59 PM | 18 | NOTICE OF DISCOVERY | State Farm's Second Interrogatories | 5 |
| 10/6/2025 1:55:07 PM | 19 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 12/22/2025 3:06:36 PM | 20 | NOTICE OF DISCOVERY | NOS- Plaintiffs Discovery | 2 |
| 12/22/2025 3:06:41 PM | 21 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |

**END OF THE REPORT**

ELECTRONICALLY FILED
5/28/2025 9:56 AM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>41<br><br>Date of Filing:<br>05/28/2025     Judge Code: |
| --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA
### TONYA KEASLER v. STATE FARM FIRE & CASUALTY COMPANY

**First Plaintiff:** ☐ Business  ☑ Individual        **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL   - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☑ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES  ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

HOD018                    5/28/2025 9:56:45 AM                    /s/ Jeremiah Michael Hodges
                               Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES  ☑ NO

ELECTRONICALLY FILED
5/28/2025 9:56 AM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | | |
|---|---|---|
| TONYA KEASLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | **JURY DEMANDED** |
| COMPANY, | ) | |
| AND FICTITIOUS DEFENDANTS 1-40, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Tonya Keasler, states her complaint as follows:

1.      Plaintiff, Tonya Keasler, is over the age of nineteen (19), and a citizen resident of Lauderdale County, Alabama.

2.      Defendant State Farm Fire & Casualty Company (hereinafter "State Farm" or "Defendant," is an Illinois Corporation with its principal place of business in Bloomington, Illinois.

3.      Fictitious Defendants 1-20 are those Defendants who had insurance policies and/or contracts with Plaintiff or Defendants to cover losses resulting from the occurrence made the basis of this action. Fictitious Defendants 1 through 20 are otherwise unknown to the Plaintiff at this time, or their identities as proper party Defendants are not known to the Plaintiff at this time. Their true and correct names will be substituted by amendment when this knowledge is obtained.

4.      Fictitious Defendants 21-40 are those Defendants who participated in the wrongful actions made the basis of this Complaint. Fictitious Defendants 21 through 40 are otherwise unknown to the Plaintiff at this time, or their identities as proper party Defendants are not known

to the Plaintiff at this time. Their true and correct names will be substituted by amendment when this knowledge is obtained.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in the Circuit Court of Lauderdale County pursuant to Alabama Code § 12-11-30.  Venue is proper in Lauderdale County pursuant to Alabama Code § 6-3-7 because a substantial portion of the events giving rise to the claims occurred in Lauderdale County, Alabama.

## FACTS

6.    Tonya Keasler's home located at 179 Elk River Shores Drive in Rogersville, Alabama suffered severe damage due to a fire on or about May 7, 2023.

7.    Ms. Keasler timely submitted a claim to State Farm for coverage of the damage.

8.    Ms. Keasler was covered under a homeowner's insurance policy that was in effect on May 7, 2023.

9.    While State Farm paid for some damage to the house, State Farm refused to pay the full replacement cost of the house.

10.    On information and belief, State Farm has a policy by which they encourage adjusters to attempt to pay only for repairs as opposed to replacement, regardless of the age and condition of the dwelling.

11.    In addition, State Farm has stopped paying additional living expenses in breach of the policy.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

12.    Plaintiff adopts and incorporates by reference all previous paragraphs as if set forth fully herein.

13.    A valid contract of insurance existed between the Defendants, or one of them, and Plaintiff.

14.    Plaintiff performed under the contract.

15.    Defendant breached their contract of insurance with the plaintiff.

16.    Defendants' acts and/or omissions were a proximate cause of Plaintiff's damages.

### COUNT II
### Bad Faith Failure to Pay

17.    Plaintiff adopts and incorporates by reference all previous paragraphs as if set forth fully herein.

18.    Defendants intentionally refused to pay the full amount of Plaintiff's claim.

19.    Defendants lacked a fairly debatable reason for failing to pay said claim.

20.    Defendants had actual knowledge of the lack of a debatable reason and/or intentionally or recklessly failed to investigate Plaintiff's claim and/or intentionally or recklessly failed to properly subject Plaintiff's claim to a cognitive evaluation or review and/or created their own debatable reason for denying Plaintiff's claim and/or relied on an ambiguous portion of the policy as a lawful basis to deny Plaintiff's claim.

21.    Defendants' acts and/or omissions were a proximate cause of Plaintiff's damages.

### DAMAGES

22.     Plaintiff suffered significant damages as a result of Defendants' breach and/or bad faith conduct. Plaintiff requests the fact finder award appropriate actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, mental anguish damages, and all costs of this proceeding in an amount exceeding the jurisdictional minimum of this court, and such additional and other relief as this Honorable Court should deem just and proper.

23.     Plaintiff requests punitive damages to punish Defendants for their bad faith acts and/or omissions and to deter future parties from engaging in similar conduct.

24.     Plaintiff also requests that she be awarded pre-judgment and post-judgement interest as allowed by law, costs of court, and all other damages supported by the evidence and the law.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

Respectfully submitted,

*/s/F. Inge Johnstone*
F. Inge Johnstone (JOH159)
P.O. Box 36128
Birmingham, AL 35236
Phone: 205-894-8900
Fax: 205-771-4049
ijohnstone@policyholderslawyers.com

*/s/Jeremiah M. Hodges*
Jeremiah M. Hodges (HOD018)
William V. Burkett (BUR217)
Attorneys for Plaintiffs
Hodges Trial Lawyers, P.C.
320 Clinton Avenue East
Huntsville, Alabama 35801
Phone: (256) 539-3110
Fax: (256) 539-3212
jmhodges@notanaccident.com
wvburkett@notanaccident.com

## **CERTIFICATE OF SERVICE**

Via Certified Mail and/or Private Process Server:

Corporation Service Company, Inc.
As registered agent for
State Farm Fire & Casualty Company
641 South Lawrence Street
Montgomery, AL 36104

/s/Jeremiah M. Hodges
Jeremiah M. Hodges

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>41-CV-2025-900163.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA**
**TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY**

**NOTICE TO:** STATE FARM FIRE & CASUALTY COMPANY, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jeremiah Michael Hodges
,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 320 Clinton Avenue East, Huntsville, AL 35801 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TONYA KEASLER
*[Name(s)]*

| 05/28/2025 | /s/ MISSY HOMAN | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ Jeremiah Michael Hodges
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on .
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in County, Alabama on .

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
| --- | --- | --- |

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in County, Alabama on who is:

| *(First and Last Name of Person Served)* | *(Name of County)* | *(Date)* |
| --- | --- | --- |

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

ELECTRONICALLY FILED
6/9/2025 11:16 AM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | Co<br>41 |
|---|---|---|

### IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA
### TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY

**NOTICE TO:** STATE FARM FIRE & CASUALTY COMPANY, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jeremiah Michael Hodges

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 320 Clinton Avenue East, Huntsville, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TONYA KEASLER

*[Name(s)]*

| 05/28/2025 | /s/ MISSY HOMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ Jeremiah Michael Hodges

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

**Certified Mail**

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

*(Date)*

Rules of Civil Procedure;

sed by

who is;

*(Date)*

les of Civil Procedure;

hat I am

by blood or

SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C/O Corporation Service Company, Inc.
State Farm Fire & Casualty Company
641 South Lawrence Street
Montgomery, AL 36104

9590 9402 9025 4122 3824 57

2. Article Number *(Transfer from service label)*

9589 0710 5270 0554 1040 77

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
*Kelly Webster*    ☐ Agent
                   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                    6-2-25

D. Is delivery address different from item 1?  ☐ Yes
   enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
☐ Collect on Delivery                ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* |
|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* |

**Service Return Copy**



AlaFile E-Notice

41-CV-2025-900163.00

To:   KATHERINE T. Powell
        katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following answer was FILED on 7/2/2025 4:11:06 PM

Notice Date:        7/2/2025 4:11:06 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

ELECTRONICALLY FILED
7/2/2025 4:11 PM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | | |
|---|---|---|
| TONYA KEASLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 41-CV-2025-900163** |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| and FICTIOUS DEFENDANTS 1-40, | ) | |
| | ) | |
| **Defendants.** | | |

### STATE FARM FIRE AND CASUALTY COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through counsel,

submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### PARTIES[1]

1.      State Farm is currently without sufficient knowledge or information to admit or

deny the allegations in Paragraph 1 of the Complaint, and therefore denies those allegations and

demands strict proof thereof.

2.      State Farm admits that it is an insurance company incorporated under the laws of

the state of Illinois with its principal place of business in Illinois.

3.      State Farm is currently without sufficient knowledge or information to admit or

deny the allegations in Paragraph 3 of the Complaint, and therefore denies those allegations and

demands strict proof thereof.

---

[1] State Farm is using headings in this Answer only to match those set out in Plaintiff's Complaint for ease of reference. Use of such headings is in no way an admission or agreement by State Farm that the subsequent paragraphs are actual facts or legitimate legal counts or claims.

4.      State Farm is currently without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies those allegations and demands strict proof thereof.

## JURISDICTION AND VENUE

5.      State Farm admits that this Court has subject matter jurisdiction over this matter. Further, State Farm admits that this Court is the proper venue for this action.

## FACTS

6.      State Farm admits that Plaintiff made a claim for fire damage to 179 Elk River Shores Drive in Rogersville, Alabama that reportedly occurred on May 7, 2023. State Farm denies the remaining allegations in Paragraph.

7.      State Farm admits that Plaintiff notified State Farm on May 8, 2023 and made a claim for fire damage to 179 Elk River Shores Drive in Rogersville, Alabama. State Farm denies the remaining allegations in this Paragraph.

8.      State Farm submits that Policy Number 01-CA-F769-1 is the best evidence of the terms, conditions, limitations, endorsements, declarations, deductibles, and exclusions applicable to the insurance claim submitted by Plaintiff and made the basis of this action, and State Farm denies any allegations which contradict, contravene, or enlarge upon the terms, conditions, exclusions, limitations, endorsements, declarations, and deductibles of said policy.

9.      State Farm admits it paid for covered losses. State Farm denies the remaining allegations in this Paragraph.

10.     Denied.

11.     State Farm admits it paid for additional living expenses covered by the Policy. State Farm denies the remaining allegations in this Paragraph.

2

## COUNT I
## BREACH OF CONTRACT

12.     State Farm adopts and incorporates its responses to Paragraphs 1–11 of the Complaint as if fully set forth herein.

13.     State Farm submits that Policy Number 01-CA-F769-1 is the best evidence of the terms, conditions, limitations, endorsements, declarations, deductibles, and exclusions applicable to the insurance claims submitted by Plaintiff and made the basis of this action, and State Farm denies any allegations which contradict, contravene, or enlarge upon the terms, conditions, exclusions, limitations, endorsements, declarations, and deductibles of said policy.

14.     Denied.

15.     Denied.

16.     Denied.

## COUNT II
## BAD FAITH FAILURE TO PAY

17.     State Farm adopts and incorporates its responses to Paragraphs 1–16 of the Complaint as if fully set forth herein.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

## DAMAGES

State Farm adopts and incorporates its responses to Paragraphs 1–21 of the Complaint as if fully set forth herein

22.     State Farm specifically denies that Plaintiff is entitled to any damages (including but not limited to compensatory or punitive damages), interests, costs, attorneys' fees, equitable relief, or any relief whatsoever.

23.     State Farm specifically denies that Plaintiff is entitled to any damages (including but not limited to compensatory or punitive damages), interests, costs, attorneys' fees, equitable relief, or any relief whatsoever.

24.     State Farm specifically denies that Plaintiff is entitled to any damages (including but not limited to compensatory or punitive damages), interests, costs, attorneys' fees, equitable relief, or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff bears such burden, State Farm alleges for its additional defenses as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Homeowners Policy No. 01-CA-F769-1 is the best evidence of its contents and is pleaded as though copied herein in its entirety. State Farm specifically denies any allegations which contradict, or are inconsistent with, the terms, conditions, exclusions, limitations, endorsements, declarations, and deductibles to said policy.

3.     Plaintiff's claim under Homeowners Policy No. 01-CA-F769-1 is not covered to the extent any losses fall within the Policy's exclusions, limitations, or the provisions of Section I – Losses Not Insured.

4.     Plaintiff's claim under Homeowners Policy No. 01-CA-F769-1 is not covered to the extent any losses fall outside the applicable policy period.

4

5.      State Farm is not estopped from asserting any conditions precedent, conditions subsequent, exclusions, or limitations as affirmative defenses to Plaintiff's claim and has not waived any conditions precedent, conditions subsequent, exclusions, or limitations as affirmative defenses to Plaintiff's claim.

6.      State Farm pleads all conditions precedent, conditions subsequent, exclusions, and limitations set forth in Homeowners Policy No. 01-CA-F769-1.

7.      State Farm denies each and every material allegation of Plaintiff's Complaint not admitted.

8.      State Farm asserts the defenses of failure of consideration, setoff, satisfaction, laches, license, payment, release, res judicata, and statute of frauds.

9.      Plaintiff's causes of action are barred by the doctrine of unclean hands, waiver, estoppel, fraud, illegality, injury by fellow servant, spoliation of evidence, and/or unjust enrichment.

10.     State Farm asserts the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

11.     State Farm asserts the applicable statutes of limitation.

12.     State Farm denies that it breached Homeowners Policy No. 01-CA-F769-1 as alleged.

13.     State Farm denies that it failed or refused to tender those benefits due and owing under Homeowners Policy No. 01-CA-F769-1 regarding any claim filed by Plaintiff.

14.     State Farm has paid all the benefits due and owing under Homeowners Policy No. 01-CA-F769-1 regarding any claim submitted by Plaintiff.

5

15. State Farm denies that it failed to perform its duties under Homeowners Policy No. 01-CA-F769-1 whether intentionally or unintentionally.

16. State Farm denies that it owed a duty to Plaintiff or that it breached any duty allegedly owed to Plaintiff.

17. State Farm denies any causal relationship between its actions or non-actions and the alleged damages of Plaintiff.

18. Any claim submitted by Plaintiff was properly investigated and subjected to cognitive evaluation and review.

19. State Farm handles each claim on its own merits and denies that it or any of its agents, representatives, independent contractors, or employees are guilty of any bad faith in their conduct with Plaintiff.

20. State Farm conducted all its actions in good faith and at no time acted vexatiously or unreasonably in adjusting Plaintiff's claim.

21. There was no absence of a legitimate or arguable reason for any refusal to pay for any benefits claimed under Homeowners Policy No. 01-CA-F769-1.

22. There was no intentional failure to determine whether there was any lawful basis for refusal to pay any portion of benefits to Plaintiff and, further, State Farm is unaware of a conscious doing of any wrong in the adjustment of said claim.

23. State Farm denies the existence of any error or bad judgment in any way connected with the handling of Plaintiff's claim and in any decision which might have been made to dispute any coverages under Homeowners Policy No. 01-CA-F769-1.

24. There exists a lawful basis upon which to refuse payment of the claim submitted by Plaintiff.

25.    State Farm affirmatively avers Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with post-loss duties including but not limited to the failure to provide State Farm with any requested records and documents.

26.    State Farm affirmatively avers that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff or her representatives did not repair or replace property damaged by a covered loss with materials or similar quality or like kind and quality to the pre-loss home or otherwise did not restore her home to its pre-loss condition.

27.    Plaintiff has not been damaged as a result of any wrongdoing on the part of State Farm.

28.    Plaintiff failed to mitigate their damages, if any, and are not entitled to any recovery against State Farm. Moreover, Plaintiff's claim under Homeowners Policy No. 01-CA-F769-1 is not covered to the extent Plaintiff failed to comply with the conditions of said policy, including the duty to protect the property from further damage or loss, to make reasonable and necessary temporary repairs required to protect the property, or to keep an accurate record of repair expenses.

29.    State Farm denies that Plaintiff was damaged to the nature and extent claimed and contests damages.

30.    To the extent Plaintiff has any damages, such damages were the result of an intervening or superseding cause or the acts or omissions of third parties over which State Farm had no responsibility or control, and for which State Farm may not be held liable.

31.    State Farm fully performed any and all common law, contractual, statutory, and other duties that may have been owed to Plaintiff.

32.    State Farm denies it is guilty of any conduct which would entitle Plaintiff to recover any damages, including but not limited to compensatory, consequential, punitive damages, or damages premised on mental anguish or emotional distress.

33.    If it is determined that any form of recovery by Plaintiff has been made by way of judgment, settlement, or otherwise, for all or any part of its alleged damages, then State Farm claims the benefit of such recovery by way of set-off, payment, credit, recoupment, unjust enrichment, or otherwise.

34.    Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence, and accord and satisfaction.

35.    Plaintiff's Complaint fails to state a claim upon which punitive damages or damages premised on mental anguish or emotional distress may be recovered.

36.    Any award of punitive damages or damages premised on mental anguish or emotional distress to Plaintiff in this case would be violative of the constitutional safeguards provided to State Farm under the Constitution of the State of Alabama ("Alabama Constitution") and the Constitution of the United States of America ("United States Constitution").

37.    Any award of punitive damages or damages premised on mental anguish or emotional distress to Plaintiff in this case will be violative of the constitutional safeguards provided to State Farm under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

38.    Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution on the following grounds:

   (a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose damages which are penal

8

in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringe upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded fail to provide specific standards for the amount of the award of damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded result in the imposition of the same penalty for different or dissimilar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(f)     The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded permit the imposition of damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

39.     Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress violates the Due Process Clause of Article I, Section 6 of the Alabama Constitution for the same grounds as stated above.

40.     Any award of punitive damages or damages premised on mental anguish or emotional distress in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

41.     Any award of punitive damages or damages premised on mental anguish or emotional distress against State Farm in this action would violate the prohibition against laws that

9

impair the obligations of contracts in violation of Article I, Section 22 of the Alabama Constitution and Article I, Section 10, Clause 1 of the United States Constitution.

42.    The award of punitive damages or damages premised on mental anguish or emotional distress in this case would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it would allow damages in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in Alabama Code §§ 6-11-20 to 6-11-30.

43.    Alabama Code § 6-11-20 is unconstitutionally vague as written, construed, and applied.

44.    State Farm did not receive fair notice that the conduct that is alleged in Plaintiff's Complaint might subject it to punishment.

45.    Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress cannot be upheld under *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 584–85 (1996), to the extent that it is not based on the least drastic remedy or lowest amount of damages that could be expected to elicit compliance with the State of Alabama's laws in the future.

46.    An award of punitive damages or damages premised on mental anguish or emotional distress in this case is subject to those limitations established by the Alabama Legislature and set forth in Ala. Code § 6-11-21, which bars any claims for punitive damages or damages premised on mental anguish or emotional distress to the extent that those claims exceed the bounds that the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy under Alabama law.

47.    The imposition of punitive damages or damages premised on mental anguish or emotional distress in this case violates the Equal Protection Clause of the Fifth and Fourteenth

10

Amendments of the United States Constitution and deprives State Farm of the right to equal protection under the law as provided in Article I, Sections 1, 6, 22 of the Alabama Constitution, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendant of comparable culpability due to the disparity in punitive treatment for similar conduct, and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

48.     Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress is barred, because such an award will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, Section 8 of the United States Constitution.

49.     Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress against State Farm cannot be sustained, because any award of damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate State Farm's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

50.     To the extent that punitive damages or damages premised on mental anguish or emotional distress are imposed, they should not exceed the ratio articulated by the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424–45 (2003) (stating that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety," and that "[s]ingle digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution").

11

51. Any award of punitive damages or damages premised on mental anguish or emotional distress should not be assessed for the acts of an agent or agents, or employee or employees, without any additional proof of knowledge or ratification or fault on the part of State Farm.

52. The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages or damages premised on mental anguish or emotional distress is so relatively unfettered, and so lacking in any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award, which violates State Farm's due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 13 of the Alabama Constitution.

53. The procedures pursuant to which punitive damages or damages premised on mental anguish or emotional distress are awarded fail to provide clear and adequate trial, post-trial, or appellate standards for imposing or reviewing an award of such damages, which violates State Farm's due process and equal protection rights under United States Constitution and the Alabama Constitution:

(a) The *Hammond* and *Green Oil* factors do not provide a clearly defined standard for courts to apply in reviewing punitive damages or damages premised on mental anguish or emotional distress;

(b) The *Hammond* and *Green Oil* factors provide inadequate review as to whether the punitive damages award or damages premised on mental anguish or emotional distress is reasonably necessary to carry out a legitimate state interest, and as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for State Farm;

(c) The *Hammond* and *Green Oil* factors provide inadequate review and vague standards regarding the relationship of the punitive damages award or damages premised on mental anguish or emotional distress to the harm, the relationship of the punitive damages award to the assessment and/or amount of compensatory or other damages, and regarding the mental state that makes punitive damages or damages premised on mental anguish or emotional distress permissible;

12

(d)    The *Hammond* and *Green Oil* factors are inadequate in that the trial court, under the *Hammond/Green Oil* procedure, "may" take certain factors into account, and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results;

(e)    The *Hammond* and *Green Oil* factors do not address or cure the lack of guidelines given to the jury for assessing the propriety of a punitive damages award and/or the amount of any such award;

(f)    The *Hammond* and *Green Oil* factors fail to provide definite and meaningful constraints on jury discretion in awarding punitive damages or damages premised on mental anguish or emotional distress;

(g)    Under Alabama law and the Alabama punitive damages scheme, the jury is not instructed on the limits on punitive damages or damages premised on mental anguish or emotional distress imposed by the purposes for which damages are assessed; and

(h)    Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages or damages premised on mental anguish or emotional distress, in whole or in part, on the basis of invidiously discriminatory characteristics.

54.    Any award of punitive damages or damages premised on mental anguish or emotional distress based on anything other than State Farm's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated through the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent State Farm from being subject to other judgments awarded with the goal of punishing State Farm for the same wrong.

55.    State Farm specifically incorporates by reference all standards and limitations regarding and relating to the determination and enforceability of punitive damage awards or damages premised on mental anguish or emotional distress as stated in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mut.*

13

*Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *Matthews v. Eldridge*, 424 U.S. 319 (1976). Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress cannot be upheld to the extent they violate or contravene the holdings of these cases.

56.    Plaintiff's claim for punitive damages or damages premised on mental anguish or emotional distress fails as a matter of law because Plaintiff cannot establish that State Farm consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiff or is guilty of any conduct which entitles Plaintiff to recover punitive damages or damages premised on mental anguish or emotional distress.

57.    There is no evidence of exceptional malicious conduct in this case, and to the extent any punitive damages or damages premised on mental anguish or emotional distress are awarded, they should not exceed the amount of compensatory damages awarded.

58.    Plaintiff's claim under Homeowners Policy No. 01-CA-F769-1 is not covered to the extent any losses involve or consist of any wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown, wet or dry rot.

59.    Plaintiff's claim under Homeowners Policy No. 01-CA-F769-1 is not covered to the extent Plaintiff provided late notice of the loss to State Farm.

60.    Plaintiff's claim under Homeowners Policy No. 01-CA-F769-1 is not covered because there is no accidental direct physical loss.

61.    State Farm reserves the right to assert any further policy defenses in addition to those stated above and reserves its right to assert such additional policy defenses at any time.

14

## STATE FARM DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this the 2nd day of July 2025.

*/s/ Katherine T. Powell*
Katherine T. Powell [TAY018]
Katie.Powell@butlersnow.com
Sarah E. Rawls [RAW011]
Sarah.Rawls@butlersnow.com

*Counsel for Defendant*
*State Farm Fire and Casualty Company*

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
T: (205) 297-2200 | F: (205) 297-2100

15

## CERTIFICATE OF SERVICE

I hereby certify that On July 2, 2025, a true and correct copy of the foregoing has been served on all parties to this action by AlaFile, electronic mail and/or by depositing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

F. Inge Johnstone
**JOHNSTONE TRIAL LAW, LLC**
Post Office Box 36128
Birmingham, Alabama 35236
T: (205) 894-8900 | F: (205) 771-4049
IJohnstone@policyholderslawyers.com

Jeremiah M. Hodges
William V. Burkett
**HODGES TRIAL LAWYERS, P.C.**
320 Clinton Avenue East
Huntsville, Alabama 35801
T: (256) 539-3110 | F: (256) 539-3212
JMHodges@notanaccident.com
WVBurkett@notanaccident.com

*Counsel for Plaintiff, Tonya Keasler*

/s/ Katherine T. Powell
OF COUNSEL

16

AlaFile E-Notice

41-CV-2025-900163.00

To:  KATHERINE T. Powell
katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following discovery was FILED on 8/27/2025 9:42:04 AM

Notice Date:        8/27/2025 9:42:04 AM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

ELECTRONICALLY FILED
8/27/2025 9:42 AM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

**IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA**

| | |
|---|---|
| TONYA KEASLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 41-CV-2025-900163** |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, et al. | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENA**

PLEASE TAKE NOTICE that upon the expiration of fifteen (15) days (or such other time as the Court has allowed) from the date of service of this notice, the Defendant, State Farm Fire and Casualty Company, will apply to the Clerk of this Court for issuance of a Subpoena to produce the documents or things at the time and place specified in the Subpoenas directed to the following:

**Winter Homes, LLC**
**Attn: Kenny Winter**
**12021 Southern Charm Blvd**
**Madison, Alabama 35756**
**T: (256) 278-1551**
**info@builtbywinterhomes.com**

Respectfully submitted this the 27th day of August 2025.

/s/ *Katherine T. Powell*
Katherine T. Powell [TAY081]
Katie.Powell@butlersnow.com
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
T: (205) 297-2200 | F: (205) 297-2100

Sarah E. Rawls [RAW011]
Sarah.Rawls@butlersnow.com
**BUTLER SNOW LLP**
1801 California Street, Suite 5100
Denver, Colorado 80202
T: (720) 330-2374 | F: (720) 330-2301

*Counsel for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that On August 27, 2025, a true and correct copy of the foregoing has been served on all parties to this action by AlaFile, electronic mail and/or by depositing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

F. Inge Johnstone
**JOHNSTONE TRIAL LAW, LLC**
Post Office Box 36128
Birmingham, Alabama 35236
T: (205) 894-8900 | F: (205) 771-4049
IJohnstone@policyholderslawyers.com

Jeremiah M. Hodges
William V. Burkett
**HODGES TRIAL LAWYERS, P.C.**
320 Clinton Avenue East
Huntsville, Alabama 35801
T: (256) 539-3110 | F: (256) 539-3212
JMHodges@notanaccident.com
WVBurkett@notanaccident.com

*Counsel for Plaintiff, Tonya Keasler*

/s/ Katherine T. Powell
OF COUNSEL

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | |
|---|---|
| **TONYA KEASLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No.: 41-CV-2025-900163** |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, et al.** | ) |
| | ) |
| **Defendant.** | ) |

## SCHEDULE A
## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS

TO:  **Winter Homes, LLC**
**Attn: Kenny Winter**
**12021 Southern Charm Blvd**
**Madison, Alabama 35756**
**T: (256) 278-1551**
**info@builtbywinterhomes.com**

Dear Mr. Winter,

Defendant State Farm Fire and Casualty Company requests that you produce the following documents:

> **Any and all records, documents and/or photographs in your possession, custody and/or control relating to the property located at 179 Elk River Shores Dr., Rogersville, Alabama 35652.  This is to include, but not be limited to any estimates for repair or rebuild, inspections, invoices, reports, opinions, correspondence, telephone notes, contracts whether executed and/or un-executed, work orders, field notes, photographs, videos, sketches, emails, text messages, any information maintained on any computer, time sheets, mileage sheets, invoices, and/or payment records relating to Tonya Keasler or the property located at 179 Elk River Shores Dr., Rogersville, Alabama 35652.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection. You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

***Electronic Copies are greatly appreciated***. **<u>Please provide the documents to</u>:**

**Linda Hamilton, Paralegal**
**Butler Snow LLP**
**1819 5th Avenue North, Suite 1000**
**Birmingham, Alabama 35203**
**<u>Linda.Hamilton@ButlerSnow.com</u> | T: 205.297.2269**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objections in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

## <u>AFFIDAVIT OF RECORDS CUSTODIAN</u>

STATE OF _____

COUNTY OF _____

      PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for said jurisdiction, _____, Records Custodian for _____, who, upon his/her oath, stated that he/she has personal knowledge regarding the making, maintenance, and storage of the attached records and that the attached records are a true correct copy of the records as generated and maintained in said entity's regular course of business. The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters. Further, the attached records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

 

                                                    _____

                                                    Records Custodian

*Keasler/SF*



AlaFile E-Notice

41-CV-2025-900163.00

To:  KATHERINE T. Powell
      katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following discovery was FILED on 9/3/2025 1:01:00 PM

Notice Date:      9/3/2025 1:01:00 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

ELECTRONICALLY FILED
9/3/2025 1:01 PM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

**IN THE DISTRICT COURT OF LAUDERDALE COUNTY, ALABAMA**

| | |
|---|---|
| TONYA KEASLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No.: 41-CV-2025-900163** |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, et al. | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF SERVICE OF DISCOVERY

Defendant State Farm Fire and Casualty Company ("State Farm") gives notice of service of

the following discovery documents:

1.  State Farm's Deposition Notice of Plaintiff; and

2.  State Farm's First Set of Interrogatories and Requests for Production to Plaintiff.


Respectfully submitted this the 3rd day of September 2025.


/s/ Katherine T. Powell
Katherine T. Powell (TAY081)
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
T: (205) 297-2200 | F: (205) 297-2201
Katie.Powell@butlersnow.com

Sarah E. Rawls (RAW011)
**BUTLER SNOW LLP**
1801 California Street, Suite 5100
Denver, Colorado 80202
T: (720) 330-2374 | F: (720) 330-2301
Sarah.Rawls@butlersnow.com

*Counsel for Defendant*
*State Farm Fire and Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2025, a true and correct copy of the foregoing has been served on all parties to this action by AlaFile and **electronic mail** and properly addressed as follows:

F. Inge Johnstone
**JOHNSTONE TRIAL LAW, LLC**
IJohnstone@policyholderslawyers.com
Paralegal@policyholderslawyers.com
Catalina@policyholderslawyers.com

Jeremiah M. Hodges
William V. Burkett
**HODGES TRIAL LAWYERS, P.C.**
JMHodges@notanaccident.com
WVBurkett@notanaccident.com

*Counsel for Plaintiff, Tonya Keasler*

<u>*/s/ Katherine T. Powell*</u>
OF COUNSEL

AlaFile E-Notice

41-CV-2025-900163.00

To:   KATHERINE T. Powell
       katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following subpoena was FILED on 9/11/2025 8:04:07 PM

Notice Date:        9/11/2025 8:04:07 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>41-C |
|---|---|---|

ELECTRONICALLY FILED<br>9/11/2025 8:03 PM<br>41-CV-2025-900163.00<br>CIRCUIT COURT OF<br>LAUDERDALE COUNTY, ALABAMA<br>MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY**

**(For Juvenile cases only):**

☐ **In the Matter of** _____

WINTER HOMES, LLC

ATTN: KENNY WINTER
12021 SOUTHERN CHARM BLVD
MADISON, AL 35756

A.   Issued at the request of :

1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B.   Special Instructions
You are ordered to:

1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   KATHERINE T. Powell 1819 5th Avenue North, Suite 1000 BIRMINGHAM, AL 35203 (205) 297-2206

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**   09/26/2025 12:00 AM

**ROOM:**   BUTLER SNOW LLP

**ADDRESS:**   Attn: Linda Hamilton, Paralegal

1819 5th Avenue North, Suite 1000

Birmingham, AL 35203

**DATE ISSUED:**   9/11/2025

/s/ MISSY HOMAN
_____
Signature of Court Clerk            Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

Please see attached Schedule A.

Please produce responsive material to:

Linda Hamilton, Paralegal
Linda.Hamilton@butlersnow.com

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:**   You are ordered to serve this order on the above named person and make return to this court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order to

_____   on _____

_____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
9/11/2025 8:03 PM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | |
|---|---|
| **TONYA KEASLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No.: 41-CV-2025-900163** |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, et al.** | ) |
| | ) |
| **Defendant.** | ) |

## SCHEDULE A
## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS

TO:    **Winter Homes, LLC**
**Attn: Kenny Winter**
**12021 Southern Charm Blvd**
**Madison, Alabama 35756**
**T: (256) 278-1551**
**info@builtbywinterhomes.com**

Dear Mr. Winter,

Defendant State Farm Fire and Casualty Company requests that you produce the following documents:

> **Any and all records, documents and/or photographs in your possession, custody and/or control relating to the property located at 179 Elk River Shores Dr., Rogersville, Alabama 35652. This is to include, but not be limited to any estimates for repair or rebuild, inspections, invoices, reports, opinions, correspondence, telephone notes, contracts whether executed and/or un-executed, work orders, field notes, photographs, videos, sketches, emails, text messages, any information maintained on any computer, time sheets, mileage sheets, invoices, and/or payment records relating to Tonya Keasler or the property located at 179 Elk River Shores Dr., Rogersville, Alabama 35652.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection. You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

*Electronic Copies are greatly appreciated*. **Please provide the documents to:**

**Linda Hamilton, Paralegal**
**Butler Snow LLP**
**1819 5th Avenue North, Suite 1000**
**Birmingham, Alabama 35203**
**Linda.Hamilton@ButlerSnow.com | T: 205.297.2269**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objections in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA**

| | |
|---|---|
| TONYA KEASLER, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No.: 41-CV-2025-900163** |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, et al.** | ) |
| | ) |
|     **Defendant.** | ) |

## AFFIDAVIT OF RECORDS CUSTODIAN

STATE OF _____

COUNTY OF _____

      PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for said jurisdiction, _____, Records Custodian for _____, who, upon his/her oath, stated that he/she has personal knowledge regarding the making, maintenance, and storage of the attached records and that the attached records are a true correct copy of the records as generated and maintained in said entity's regular course of business. The attached records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters. Further, the attached records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

_____

Records Custodian

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>41-CV-2025-900163.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY**

   **(For Juvenile cases only):**

☐ **In the Matter of** _____

WINTER HOMES, LLC

ATTN: KENNY WINTER
12021 SOUTHERN CHARM BLVD
MADISON, AL 35756

W001

A.   Issued at the request of :

1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B.   Special Instructions
   You are ordered to:

1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   KATHERINE T. Powell 1819 5th Avenue North, Suite 1000 BIRMINGHAM, AL 35203 (205) 297-2206

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

| | |
| --- | --- |
| **DATE:** 9/26/2025 12:00:00 AM | **ADDITIONAL INSTRUCTIONS**<br>Any inspection or production of documents or records must be completed within 15 days |
| **ROOM:** BUTLER SNOW LLP | |
| **ADDRESS:** Attn: Linda Hamilton, Paralegal | Please see attached Schedule A. |
| 1819 5th Avenue North, Suite 1000 | Please produce responsive material to: |
| Birmingham, AL 35203 | |
| **DATE ISSUED:** 9/11/2025 | Linda Hamilton, Paralegal<br>Linda.Hamilton@butlersnow.com |

/s/ MISSY HOMAN

_____
Signature of Court Clerk            Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA**   You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                 court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____

_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

**SERVICE RETURN COPY**

41-CV-2025-900163.00-W001



AlaFile E-Notice

41-CV-2025-900163.00

To:  POWELL KATHERINE TAYLOR
     katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following NOTICE OF APPEARANCE was FILED on 9/12/2025 10:17:14 AM

Notice Date:      9/12/2025 10:17:14 AM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

ELECTRONICALLY FILED
9/12/2025 10:17 AM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONYA KEASLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CV-2025-900163.00** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF APPEARANCE

COMES NOW F. Inge Johnstone of Johnstone Trial Law, LLC, and enters his appearance

as additional counsel of record for the Plaintiff in this matter.

Dated:  September 12, 2025

Respectfully submitted,

/s/ F. Inge Johnstone
**F. INGE JOHNSTONE** (JOH159)
**JOHNSTONE TRIAL LAW, LLC**
P.O. Box 36128
Birmingham, AL 35236
(205) 771-4009 – Phone
(205) 771-4049 – Fax
ijohnstone@policyholderslawyers.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties by ☐
electronic mail; ☐ placing same in the United States Mail, postage pre-paid; or ☒ via the Court's
electronic filing system, as follows:

Jeremiah M. Hodges
JMHodges@notanaccident.com

Katherine T. Powell
Katie.Powell@butlersnow.com

Sarah E. Rawls
Sarah.Rawls@butlersnow.com

DATED:  September 12, 2025                          /s/ F. Inge Johnstone
                                                   **F. INGE JOHNSTONE**



AlaFile E-Notice

41-CV-2025-900163.00

To:  POWELL KATHERINE TAYLOR
     katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following discovery was FILED on 10/6/2025 1:54:42 PM

Notice Date:     10/6/2025 1:54:42 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

ELECTRONICALLY FILED
10/6/2025 1:54 PM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

**IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA**

| | |
|---|---|
| **TONYA KEASLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No.: 41-CV-2025-900163** |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, et al.** | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF SERVICE OF DISCOVERY**

Defendant State Farm Fire and Casualty Company ("State Farm") gives notice of service of

the following discovery documents:

1.  State Farm's Second Interrogatories to Plaintiff.


Respectfully submitted this the 6th day of October 2025.

**BUTLER SNOW LLP**


/s/ *Sarah E. Rawls*
Katherine T. Powell (TAY081)
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
T: (205) 297-2200 | F: (205) 297-2201
Katie.Powell@butlersnow.com

Sarah E. Rawls (RAW011)
1801 California Street, Suite 5100
Denver, Colorado 80202
T: (720) 330-2374 | F: (720) 330-2301
Sarah.Rawls@butlersnow.com

*Counsel for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's AlaFile system, electronic mail and/or by depositing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

F. Inge Johnstone
**JOHNSTONE TRIAL LAW, LLC**
IJohnstone@policyholderslawyers.com
Paralegal@policyholderslawyers.com
Catalina@policyholderslawyers.com

Jeremiah M. Hodges
William V. Burkett
**HODGES TRIAL LAWYERS, P.C.**
JMHodges@notanaccident.com
WVBurkett@notanaccident.com

*Counsel for Plaintiff, Tonya Keasler*

                              */s/ Katherine T. Powell*
                              OF COUNSEL

**IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA**

| | |
|---|---|
| TONYA KEASLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 41-CV-2025-900163** |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, et al. | ) |
| | ) |
| **Defendant.** | ) |

**STATE FARM'S SECOND INTERROGATORIES**
**PLAINTIFF TONYA KEASLER**

State Farm Fire and Casualty Company ("State Farm"), pursuant to Rules 26 and 33 of the

Alabama Rules of Civil Procedure, hereby propounds the following Interrogatories to Plaintiff Tonya

Keasler ("Plaintiff"):

**INSTRUCTIONS AND DEFINITIONS**

State Farm hereby adopts and incorporates by reference all Definitions set forth in its First
Interrogatories to Plaintiff.

**INTERROGATORIES**

24.      Please state the name, address, and telephone number of any person(s) who you or
your attorneys, agents, or representatives communicated with or interviewed regarding the Claim, or
the allegations in the Complaint (including, but not limited to, "pattern or practice" allegations),
including whether any such person gave a written or recorded statement. Note: this request is seeking
identification of persons interviewed or communicated with and not the substance of these
communications.

**RESPONSE:**

Respectfully submitted this the 6th day of October 2025.

                                          **BUTLER SNOW LLP**


                                          */s/ Sarah E. Rawls*
                                          Katherine T. Powell (TAY081)
                                          One Federal Place, Suite 1000
                                          1819 Fifth Avenue North
                                          Birmingham, Alabama 35203

T: (205) 297-2200 | F: (205) 297-2201
Katie.Powell@butlersnow.com

Sarah E. Rawls (RAW011)
1801 California Street, Suite 5100
Denver, Colorado 80202
T: (720) 330-2374 | F: (720) 330-2301
Sarah.Rawls@butlersnow.com

*Counsel for Defendant*
*State Farm Fire and Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2025, a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's AlaFile system, electronic mail and/or by depositing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

F. Inge Johnstone
**JOHNSTONE TRIAL LAW, LLC**
IJohnstone@policyholderslawyers.com
Paralegal@policyholderslawyers.com
Catalina@policyholderslawyers.com

Jeremiah M. Hodges
William V. Burkett
**HODGES TRIAL LAWYERS, P.C.**
JMHodges@notanaccident.com
WVBurkett@notanaccident.com

*Counsel for Plaintiff, Tonya Keasler*

*/s/ Katherine T. Powell*
OF COUNSEL



AlaFile E-Notice

41-CV-2025-900163.00

To:   POWELL KATHERINE TAYLOR
      katie.powell@butlersnow.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

TONYA KEASLER V. STATE FARM FIRE & CASUALTY COMPANY
41-CV-2025-900163.00

The following discovery was FILED on 12/22/2025 3:06:16 PM

Notice Date:     12/22/2025 3:06:16 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL, 35630

256-760-5728

ELECTRONICALLY FILED
12/22/2025 3:06 PM
41-CV-2025-900163.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE DISTRICT COURT OF LAUDERDALE COUNTY, ALABAMA

| | |
|---|---|
| TONYA KEASLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   **Case No.: 41-CV-2025-900163** |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, et al. | ) |
| | ) |
|     Defendant. | ) |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

To:    Lauderdale County Circuit Court
        200 South Court Street
        Florence, AL 35630

PLEASE TAKE NOTICE that on the **22nd day of December, 2025**, Plaintiff served upon

Defendants, the following discovery documents:

    ( )   Interrogatories to Defendants
    **(X)  Answers to Interrogatories**
    ( )   Answers and Objections to Interrogatories
    ( )   Requests for Production of Documents to Defendants
    **(X)  Responses to Requests for Production of Documents**
    ( )   Notice of Intent of Serving Subpoena Upon Non-Party
    ( )   Notice of Taking Deposition
    ( )   Notice of Taking Deposition with Requests for Production of Documents
    ( )   Request for Admissions to Defendants
    ( )   Response to Request for Admissions

                                 Respectfully submitted,

                                 */s/ Jeremiah M. Hodges*
                                 Jeremiah M. Hodges (HOD018)
                                 **HODGES TRIAL LAWYERS, P.C.**
                                 320 Clinton Avenue E
                                 Huntsville, Alabama 35801
                                 T: (256) 539-3110 | F: (256)539-3212
                                 jmhodges@notanaccident.com

F. Inge Johnstone (JON159)
**JOHNSTONE TRIAL LAW, LLC**
PO Box 36128
Birmingham, Alabama 35236
T: (720) 330-2374 | F: (720) 330-2301
IJohnstone@policyholderslawyers.com
*Counsel for Plaintiff, Tonya Keasler*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 22, 2025, a true and correct copy of the foregoing has been served on all parties to this action by **electronic mail** properly addressed as follows:

Katherine T. Powell (TAY081)
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
T: (205) 297-2200 | F: (205) 297-2201
Katie.Powell@butlersnow.com

Sarah E. Rawls (RAW011)
**BUTLER SNOW LLP**
1801 California Street, Suite 5100
Denver, Colorado 80202
T: (720) 330-2374 | F: (720) 330-2301
Sarah.Rawls@butlersnow.com

*Counsel for Defendant*
*State Farm Fire and Casualty Company*

*/s/ Jeremiah M. Hodges*
OF COUNSEL

2